**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 18-2535 and 19-2564

———————————

K.K.-M., individually and as Kinship Legal Guardian
of the minor children R.M. and A.W.,

Appellant

v.

NEW JERSEY DEPARTMENT OF EDUCATION;
NEW JERSEY OFFICE OF ADMINISTRATIVE LAW;
DOMINIC ROTA; GLOUCESTER CITY BOARD OF EDUCATION,
doing business as Gloucester City Public Schools

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. Civil Action No. No. 1-17-cv-11579)
District Judge: Honorable Robert B. Kugler

———————————

Submitted under Third Circuit LAR 34.1(a)
on September 11, 2019

Before: MCKEE, ROTH and RENDELL, <u>Circuit Judges</u>

(Opinion filed April 23, 2020)

———————————

OPINION [*]

———————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge:

Plaintiff K.K-M. appeals the District Court's grant of a motion to dismiss her suit against the New Jersey Department of Education and other various governmental defendants. She argues that the Individuals with Disabilities Education Act and other federal statutes allow her two children, R.M. and A.W., to remain in a public school district where they no longer live.[1] In an Opinion dated June 25, 2018, the District Court concluded that K.K-M. did not have standing to bring her case when the complaint was initially filed and therefore held that it did not have subject-matter jurisdiction over the case.[2] The District Court therefore dismissed the case with prejudice.

We agree with the reasons set forth by the District Court for determining that the standing requirements are not satisfied, as they must be met "at the commencement of the litigation" in order for the suit to proceed.[3] However, because neither we nor the District

---

[1] Plaintiff invoked jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's determination of a lack of jurisdiction under 28 U.S.C. § 1291, and we can review the District Court's denial of an injunction pending appeal under Fed. R. App. P. 8(a)(2)(A)(ii).

[2] "We review the legal conclusions related to standing de novo." *Shalom Pentecostal Church v. Acting Sec'y U.S. Dep't of Homeland Sec.*, 783 F.3d 156, 161 (3d Cir. 2015).

[3] *Freedom from Religion Found., Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). Also pending before us are (1) an appeal from the District Court's denial of a stay pending appeal and (2) a motion to enjoin the defendants from disenrolling R.M. and A.W. pending appeal. Since these both rely on the underlying appeal of the District Court's June 25, 2018, Opinion, the appeal and the motion are dismissed and denied, respectively, as moot.

Court can adjudicate the merits of the case, the District Court was required to dismiss the case without prejudice and erred in not doing so.[4]

K.K-M. has alleged factual developments since the commencement of the litigation that are potentially relevant to a new standing inquiry. But as we lack the ability to render a decision in this case due to our lack of jurisdiction, the proper forum to raise these issues would be in a new complaint.[5]

Accordingly, we will vacate the District Court's dismissal order and remand with instructions to dismiss the case without prejudice.

---

[4] *Kawal v. J. Crew Group, Inc.*, 918 F.3d 102, 119 (2019).

[5] Plaintiff is advised that in addition to demonstrating standing, any future complaint would also need to demonstrate that state administrative remedies were exhausted, or in the alternative, that the "sparingly invoked" exception for "severe or irreparable harm" applies to this case. *D.M. v. New Jersey Dept. of Educ.*, 801 F.3d 205, 212 (3d Cir. 2015).